UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

SHAHEIM ROGERS and BEVON BENN,       Case No. 19 CV 3360
               Plaintiffs,             (MKB) (JO)

      -against-                  **AMENDED COMPLAINT**

THE CITY OF NEW YORK, P.O. MATTHEW
FAGAN [SHIELD #12114], SERGEANT        JURY DEMAND
AVINASH PATEL [SHIELD #5322], P.O.
UMAR KHITAB [SHIELD #20552],
SERGEANT KEVIN MCCARTHY [SHIELD
#3347], and JOHN DOE AND JANE DOE
#1-5 (the names John and Jane Doe being
fictitious, as the true names are presently
unknown),
               Defendants.
--------------------------------------------------------------X

Plaintiffs, SHAHEIM ROGERS and BEVON BENN, by their attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Matthew Fagan [Shield #12114], Sergeant Avinash Patel [Shield #5322], P.O. Umar Khitab [Shield #20552], Sergeant Kevin McCarthy [Shield #3347], and John Doe and Jane Doe #1-5 (collectively, "defendants"), respectfully allege as follows:

1.       This is an action at law to redress the deprivation of rights secured to the plaintiffs under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiffs by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §1983, [and arising under the law and statutes of the City and State of New York].

JURISDICTION

2.       The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

### THE PARTIES

4.      Plaintiffs are and were at all times material herein residents of the United States and the State of New York.

5.      Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6.      The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7.      Defendant P.O. Matthew Fagan [Shield #12114] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

8.      Defendant Sergeant Avinash Patel [Shield #5322] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

9.      Defendant P.O. Umar Khitab [Shield #20552] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

10.     Defendant Sergeant Kevin McCarthy [Shield #3347] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

11.     Defendants John Doe and Jane Doe #1-5 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

12.     Defendants Fagan, Patel, and Khitab, John Doe and Jane Doe are collectively referred to herein as "Fagan defendants".

13.     Defendants McCarthy, John Doe and Jane Doe #1-5 are collectively referred to herein as "McCarthy defendants".

14.     Fagan defendants and McCarthy defendants are collectively referred to herein as "defendant officers".

15.     At all times material to this Complaint, the defendant officers acted towards plaintiffs under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

The October 25, 2017, Incident

16.     On or about October 25, 2017, at approximately 9:30 p.m., Fagan defendants, acting in concert, arrested plaintiffs without cause at or within the vicinity of 1568 Sterling Place, Brooklyn, New York, and charged each plaintiff with N.Y. PL 170.30 'Criminal possession of a forged instrument in the first degree', N.Y. PL 165.08 'Unauthorized use of a vehicle in the first degree', and N.Y. PL 221.10(1) 'Criminal possession of marihuana in the fifth degree'.

17.     Plaintiffs, however, were not in possession of any forged instrument, did not use any vehicle without authorization, were not in possession of any marihuana, and did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

18.     Initially, plaintiffs and the defendant officers are familiar with each other, as defendant officers routinely harass the plaintiffs whenever they run into them.

19.     Defendant officers would often stop, frisk, and detain the plaintiffs whenever they run into them, and would call out the plaintiffs by name on a loudspeaker on the rare occasions when they do not stop or detain them.

20.     Prior to the arrest, plaintiffs, who are friends, were sitting with Sianna Stewart, Bevon's sister and Shaheim's friend, in a parked rental Zipcar which was rented by their mutual friend, Dayvoun Joyner.

21.      The car was parked at the aforementioned address with Bevon sitting in the driver's seat, Shaheim sitting in the front passenger's seat, and Sianna sitting in the rear seat.

22.      Shaheim, Bevon, and Sianna were sitting and waiting for Dayvoun who at the time was inside one of the apartments located in the building or apartment complex situated at the aforementioned address.

23.      Fagan defendants initially drove past the Zipcar.

24.      Shortly thereafter, Fagan defendants turned around and approached the car.

25.      Immediately upon approaching the car, Fagan defendants ordered the plaintiffs and Sianna out of the car.

26.      Upon exiting the car as they were directed, Fagan defendants tightly handcuffed the plaintiffs with their hands placed behind their respective backs.

27.      Fagan defendants then subjected the plaintiffs to illegal and unauthorized search.

28.      Fagan defendants also proceeded to perform an illegal and unauthorized search of the Zipcar.

29.      In the process of their illegal and unauthorized search of the Zipcar, Fagan defendants removed Sianna's wallet which was located in the back seat of the car.

30.      Fagan defendants proceeded to perform an illegal and unauthorized search of Sianna's wallet.

31.      Fagan defendants removed from the wallet a personal blank check provided to Sianna for her use by her bank, TD Bank.

32.      Fagan defendants also removed several properties from the trunk of the car including, but not limited to, several perfumes, jackets, t-shirts, sweatpants, pants, and plastic bags.

33.      At all times material to this Complaint, no contraband was located in plain view and no contraband was located in any area where it could be argued that the plaintiffs saw such contraband, had regular access to such area and/or exercised dominion and control over the area.

34.     Fagan defendants did not recover any contraband from their unlawful search of the plaintiffs and/or the Zipcar.

35.     Fagan defendants at some point inquired as to the owner of the Zipcar.

36.     Plaintiffs and Sianna informed Fagan defendants that the car was rented by their friend, Dayvoun.

37.     Plaintiffs and Sianna also informed Fagan defendants that Dayvoun was located nearby in the apartment complex.

38.     Plaintiffs and Sianna offered to call Dayvoun or provide Fagan defendants with Dayvoun's phone number so they could call him and confirm that he rented the car and had authorized their use of it, and that they were sitting in the car waiting for him to join them.

39.     Fagan defendants did not allow plaintiffs and Sianna to call Dayvoun, refused to take Dayvoun's phone number, and refused to place a call to Dayvoun.

40.     Eventually, Fagan defendants placed the plaintiffs inside their police vehicle and transported the plaintiffs to NYPD-77th Precinct for arrest processing.

41.     Fagan defendants further subjected the plaintiffs to an illegal search at the precinct.

42.     Fagan defendants did not recover any contraband from their unlawful search of the plaintiffs.

43.     Upon information and belief, Fagan defendants seized or impounded the Zipcar and drove it to the precinct.

44.     Within a few minutes thereafter, Dayvoun appeared at the precinct and informed Fagan defendants that he had rented the Zipcar and had authorized the plaintiffs to use and/or ride in the car.

45.     Fagan defendants then proceeded to release the Zipcar to Dayvoun as the rightful owner/renter but continued to detain the plaintiffs.

46.     After detaining the plaintiffs at the precinct for a lengthy period of time, plaintiffs were transported to the Central Booking to await arraignment.

47.     At some point following their arrest, Fagan defendants met with prosecutors employed by the Kings County District Attorney's Office.

48.     During this meeting, Fagan defendants falsely stated to the prosecutors, among other things, that the plaintiffs committed the charged crime/offense(s), and later forwarded to the prosecutors their falsified police records and reports.

49.     Relying upon the falsified police records, reports and statements, the prosecutors initiated criminal actions against the plaintiffs.

50.     On October 26, 2017, plaintiffs were arraigned on a criminal court complaint sworn to by defendant Fagan falsely charging each plaintiff with N.Y. PL 221.05 'Unlawful possession of marihuana'.

51.     Upon arraignment, plaintiffs were informed that the case(s) against them were adjourned in contemplation of dismissal.

The May 7, 2019 and May 8, 2019, June 5, 2019, June 19, 2019, June 21, 2019, June 22, 2019, July 24, 2019, and August 10, 2019, Incidents

52.     On May 7, 2019, at approximately 11:30 p.m., May 8, 2019, at approximately 11:30 p.m., June 5, 2019, at approximately 12:00 a.m., June 19, 2019, at approximately 1:00 a.m., June 21, 2019, at approximately 3:00 a.m., June 22, 2019, at approximately 12:00 a.m., July 24, 2019, at approximately 9:50 p.m., and August 10, 2019, at approximately 10:30 p.m., while Bevon was sitting inside his parked vehicle on Sterling Place between Rochester and Buffalo Avenues, Brooklyn, New York, McCarthy defendants approached Bevon, and immediately ordered him to step out of the car.

53.     Upon exiting the car as he was directed, McCarthy defendants subjected Bevon to an illegal and unauthorized search on each occasion.

54.     McCarthy defendants also proceeded to perform an illegal and unauthorized search of the car on each occasion.

55.     McCarthy defendants clearly indicated that Bevon was not free to leave.

56.     McCarthy defendants did not recover any contraband from their unlawful search of Bevon and/or the car.

57.     Eventually, after detaining Bevon for a lengthy period of time, McCarthy defendants released him from their unlawful detention.

58.     Each and every officer who responded to and/or was present at the location of the arrest(s) and/or at the precinct knew and was fully aware that the plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

59.     Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiffs.

60.     As a result of the aforesaid actions by defendants, plaintiffs suffered and continue to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

61.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 60 of this complaint as though fully set forth herein.

62.     Defendant officers arrested the plaintiffs without probable cause or reasonable grounds.

63.     The conduct of defendant officers, as described herein, amounted to false arrest.

64.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

65.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH & SEIZURE - against defendant officers

66.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 65 of this complaint as though fully set forth herein.

67.       Defendant officers routinely harass the plaintiffs and would often stop, frisk, search, and detain the plaintiffs whenever they run into them.

68.       The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk and unreasonable searches and seizures.

69.       Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

70.       Consequently, plaintiffs have been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against Fagan defendants

71.       By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 70 of this complaint as though fully set forth herein.

72.       Fagan defendants manufactured evidence of criminality against the plaintiffs likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiffs.

73.       The plaintiffs were deprived of their liberty as a result.

74.       The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

75.       Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

76.       Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

77.       By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 76 of this complaint as though fully set forth herein.

78.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiffs did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

79.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

80.     Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

81.     Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH      CAUSE      OF      ACTION:      FAILURE      TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

82.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 81 of this complaint as though fully set forth herein.

83.     Defendant City of New York, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest. In addition, defendant City had actual and/or de facto policies, practices, customs and/or usages of failing to properly screen its prospective police officers for mental fitness, history of misconduct, good moral character and propensity for violence.

84.     Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiffs, who are black, on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other crimes.

85.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

86.     For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), the Southern District of New York ("SDNY") observed that the City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

87.     In *Ligon v. City of New York*, 925 F. Supp. 2d 478, 485-86 (S.D.N.Y. 2013), the SDNY observed that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

88.     Defendant City has settled numerous lawsuits in this district against several officers assigned to the NYPD alleging, among other things, that the officers fabricated evidence, and falsely arrested the plaintiffs without probable cause. *See*, *e.g.*, *Eddie Holley v. City of New York* (18 CV 6487); *Warren Monk v. City of New York* (18 CV 6458); *Sianna Stewart v. City of New York* (18 CV 4841); *Julien Ford v. City of New York* (18 CV 3620); *Ramel King v. City of New York* (17 CV 4494); *Eric Davis v. City of New York* (16 CV 385); *Jimmy Wilson v. City of New York* (15 CV 6326); *Crystal Whitfield v. City of New York* (14 CV 6085).

89.     Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant

City to forestall further incidents and/or even to investigate claims that police officers routinely arrest innocent citizens without probable cause.

90.     As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiffs.

91.     Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiffs' injuries as described herein.

92.     The actions of defendants, acting under color of State law, deprived plaintiffs of their due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force and the right to due process.

93.     By these actions, defendants have deprived plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

<u>SIXTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants</u>

94.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 93 of this complaint as though fully set forth herein.

95.     By reason of the foregoing, and by arresting, detaining and imprisoning plaintiffs without probable cause or reasonable suspicion, and harassing and assaulting them and depriving them of due process and equal protection of laws, defendants deprived plaintiffs of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process),

Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

96. In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

97. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

98. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiffs' state constitutional rights.

SEVENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

99. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 98 of this complaint as though fully set forth herein.

100. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

101. Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

102.    By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 101 of this complaint as though fully set forth herein.

103.    By reason of and as a consequence of the conduct of defendant officers, the plaintiffs sustained injuries with the accompanying pain.

104.    The conduct of the defendants, as described herein, amounted to assault and battery.

105.    Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

106.    By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 105 of this complaint as though fully set forth herein.

107.    The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

108.    Plaintiffs' emotional distress have damaged their personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

109.    Consequently, plaintiffs have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

WHEREFORE, plaintiffs respectfully pray judgment as follows:

a.    For compensatory damages against all defendants in an amount to be proven at trial;

b.    For exemplary and punitive damages against all defendants in an amount to be proven at trial;

     c.      For costs of suit herein, including plaintiffs' reasonable attorney's fees; and;

     d.      For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury.

Dated: Brooklyn, New York
       October 9, 2019

                        UGO UZOH, P.C.

By:    Ugochukwu Uzoh
         Attorney for the Plaintiffs
         56 Willoughby Street, Third Floor
         Brooklyn, N.Y. 11201
         Tel. No: (718) 874-6045
         Fax No: (718) 576-2685
         Email: u.ugochukwu@yahoo.com